**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:22-CV-20224-WILLIAMS**

**HUBERT ARTURO ACEVEDO,**
     **Plaintiff,**

**vs.**

**CITY OF MIAMI;**
**COMMISSIONER JOE CAROLLO;**
**COMMISSIONER ALEX DIAZ DE LA PORTILLA;**
**ARTHUR NORIEGA; and**
**COMMISSIONER MANOLO REYES,**
     **Defendants.**
_____/

**DEFENDANT COMMISSIONER CAROLLO'S MOTION TO DISMISS**
**COMPLAINT WITH PREJUDICE; REQUEST FOR HEARING**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Commissioner Joe Carollo seeks dismissal of the Complaint ("Complaint") (DE1) as to the only Count against him, Count II, alleging "Retaliation in violation of the First Amendment." At its core, the Complaint asserts that Acevedo, the former City of Miami Police Chief, was targeted and then terminated by Commissioner Carollo and the entire City of Miami Commission after a mere six (6) months on the job, allegedly in retaliation for speaking out as the police chief. The Complaint must be dismissed because it fails to state a legally cognizable First Amendment retaliation claim against Commissioner

Carollo acting in his official capacity.

Dismissal is required at this stage of the case because Commissioner Carollo is protected by the doctrines of legislative immunity and qualified immunity from suit, since the conduct alleged in the Complaint occurred during the course and scope of his official authority as a City of Miami elected official. Accordingly, this Court should dismiss Count II with prejudice inasmuch as repleading will not address the fundamental pleading deficiencies.

## INCORPORATION OF CODEFENDANTS' MOTIONS

As set out in his separately filed Motion to Adopt and Join in Motions to Dismiss Filed by Codefendants (DE26), Commissioner Carollo asks to adopt the positions of his codefendants as applicable to his defenses. Consequently, this Motion to Dismiss is intended to promote judicial efficiency by not duplicating the introduction and factual background information or the meritorious arguments and legal analysis contained in the other motions.

## REQUEST FOR HEARING

Defendant Commissioner Carollo seeks a hearing pursuant to Local Rule 7.1(b)(2) for no more than two (2) hours. For the reasons in this motion and the companion motions to dismiss filed by the

codefendants, a hearing will allow the parties to present and discuss the application of the qualified and legislative immunities that bar this litigation against the City of Miami elected officials. The need for Commissioner Carollo and his legislative colleagues to obtain a full resolution of the immunity defenses prior to having to participate in extensive and intrusive litigation is of the utmost importance. The Court can seek input from the parties as to any concerns raised by the pleadings. All defendants join in the request for a hearing. Plaintiff does not agree to a hearing.

## LEGAL STANDARD TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM

Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." While the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff[,]" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal quotation marks omitted), "courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* at 1290 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, *id.* at 1949. A plausible entitlement to relief exists "when the allegations in the complaint traverse the thresholds separating the 'conclusory' from the 'factual' and the 'factually neutral' from the 'factually suggestive.'" *Barton v. Florida*, 2007 WL 1724943, 2007 U.S. Dist. Lexis 100486 (N.D. Fla. 2007)). The Court need not accept unsupported conclusions of law or of mixed law and fact. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

"On a motion to dismiss, '[c]onclusory allegations and unwarranted deductions of fact are not admitted as true," particularly "when the conclusory allegations contradict the other facts alleged in the complaint." *See Berry v. Coleman*, 172 Fed. App'x 929 (11th Cir. 2006); *see also Battle v. Cent. State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990) ("allegations that are contradicted by other allegations in the complaint may also constitute grounds for dismissal"). The Court is not required to ignore factual details of the pleading in favor of general or conclusory. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). A district court may

take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). "Public records are among the permissible facts that a district court may consider." *Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x 52, 53 (11th Cir. 2006). Therefore, the October 11, 2021 Suspension Memorandum attached to the Motion to Dismiss by Commissioner Diaz de la Portilla (DE24), while not essential to a dismissal, nonetheless undermines Acevedo's conclusions in the Complaint and provides affirmative reasons to order a dismissal with prejudice.

## GROUNDS FOR DISMISSAL

### A.   Commissioner Carollo Is Entitled to Legislative Immunity for Actions Taken in his Legislative Function as a Commissioner.

Legislative immunity is a form of absolute immunity protecting a legislator from having to answer for conduct in a civil lawsuit. *Mitchell v. Forsyth*, 472 U.S. 511, 525, 105 S. Ct. 2806, 2815 (1985); *see Harris v. Deveaux*, 780 F.2d 911, 913 (11th Cir. 1986) ("Absolute immunity is meant to protect not only from liability, but from going to trial at all."). Legislative immunity protects lawmakers from suit for their legislative acts. *Scott v. Taylor*, 405 F.3d 1251, 1254 (11th

Cir. 2005). The absolute immunity protecting legislative functions is not limited to merely the passing of bills and ordinances but also encompasses "conduct in the furtherance of their duties." *Hernandez v. City of Lafayette*, 643 F.2d 1188, 1193 (5th Cir. 1981), *cert. denied*, 455 U.S. 907, 102 S. Ct. 1251 (1982). "The absolute immunity of legislators, in their legislative functions, ... now is well settled." *Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S. Ct. 2727, 2732 (1982) (citations omitted); *see Tower v. Glover*, 467 U.S. 914, 920, 104 S. Ct. 2820, 2824 (1984) ("The Court has recognized absolute §1983 immunity for legislators acting within their legislative roles...."). The Supreme Court extended absolute immunity to state and local legislators. *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 99 S. Ct. 1171 (1979*); Tenney v. Brandhove*, 341 U.S. 367, 71 S. Ct. 783 (1951). "[L]ocal legislators are entitled to legislative immunity in this Circuit." *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.), *cert. denied*, 502 U.S. 810, 112 S. Ct. 55 (1991); *Ellis v. Coffee Cnty. Bd. of Registrars*, 981 F.2d 1185, 1189 (11th Cir. 1993).

"[O]fficials seeking absolute immunity must show that such immunity is justified for the governmental function at issue." *Hafer*

*v. Melo*, 502 U.S. 21, 27, 112 S. Ct. 358, 363 (1991) (citation omitted). The Eleventh Circuit "has decided that 'the absolute immunity inquiry' is determining whether the local legislators were engaging in legislative activity in the particular case under consideration." *Brown v. Crawford County*, 960 F.2d 1002, 1011 (11th Cir. 1992) (quoting *Espanola Way Corp. v. Meyerson*, 690 F.2d 827, 829 (11th Cir. 1982), *cert. denied*, 460 U.S. 1039, 103 S. Ct. 1431 (1983)). And "subjective motivations are irrelevant to absolute legislative immunity." *Ellis v. Coffee Cnty. Bd. of Registrars*, 981 F.2d at 1192.

Analysis of the Complaint must be on the objective conduct of Commissioner Carollo and two other elected commissioners acting as elected commissioners, whose duties and responsibilities are set out in the City Charter. The actions described in the Complaint include policy discussions at Commission meetings, deciding policy matters for the City, making budgetary considerations and legislation involving the Miami Police Department, and voting on whether the City Manager's termination of the police chief was appropriate as a matter of City policy. Because the challenged actions uniquely involve the exercise of legislative prerogative "in furtherance of [Commissioner Carollo's] duties" involving the legislative function, he

and his Commission colleagues are protected by absolute legislative immunity. *Hernandez v. City of Lafayette*, 643 F.2d at 1193.

Commissioner Carollo's legislatively immunized conduct encompasses the introduction of legislation and all commentary made during and in connection with City Commission meetings as made plain in the Complaint (Complaint ¶¶28-34, 56-64, 74-75, 108-124, 126-138, 140-142, 152-164, 171, 173, 175, 188-200, 201-211, 219-228). Commissioner Carollo's legislative immunity further extends to the entirety of the inquiries, fact-findings, and investigations that are a necessary extension of the Commission's policy-making function.

*O'Boyle v. Sweetapple*, 187 F. Supp. 3d 1365, 1373 (S.D. Fla. 2016), is sufficiently analogous to this case. There, the plaintiff claimed that an ordinance enacted to regulate where people may park their cars "violated his First Amendment rights because the motivation for its enactment was to suppress his" protected speech. *Id.* at 1373. The retaliation claims failed because an allegedly improper motivation for enacting an otherwise neutral ordinance does not constitute First Amendment retaliation. *Id.*

Similarly, in this case, the Complaint describes actions taken

by commissioners in furtherance of their legislative obligations, including fact-finding, making inquiries, conducting district inspections, speaking out about perceived violations of zoning and code enforcement ordinances as a matter of public policy priorities, and voting on legislation that Acevedo viewed as retaliatory. These actions, all taken within the scope of a commissioner's duties, were part and parcel of Commissioner Carollo's legislative. His duties are not limited to merely voting on legislation; they also encompass conduct intended to further the Commission's legislative responsibilities. Because an objective reading of the conduct contained in the Complaint is consistent with the "legitimate sphere of legislative activity[,]" absolute legislative immunity applies here. *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 503, 95 S. Ct. 1813, 1821 (1975).

The Eleventh Circuit "has construed legislative acts as 'an integral part of the deliberative and communicative processes' regarding the consideration and action of a legislative body for matters statutorily placed within its jurisdiction." *Ellis v. Coffee Cnty*, 981 F.2d at 1192 (quoting *Gravel v. United States*, 408 U.S. 606, 625, 92 S. Ct. 2614, 2627 (1972)). As the Supreme Court explained,

"immunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 538, 544 (1988); *Yeldell v. Cooper Green Hosp., Inc.*, 956 F.2d 1056, 1062 (11th Cir. 1992) ("It is the nature of the act which determines whether legislative immunity shields the individual from suit."). The nature of the challenged conduct is objectively consistent with Commissioner Carollo's exercise of his legislative mandate, such that Commissioner Carollo is protected from suit by absolute legislative immunity. Accordingly, the Complaint based on conduct in furtherance of the legislative prerogative must be dismissed with prejudice.

### B.    Commissioner Carollo, in his Capacity as a Municipal Elected Official, Is Entitled to Qualified Immunity.

The doctrine of qualified immunity compels dismissal of the Complaint with prejudice. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Stanton v. Sims*, 571 U.S. 3, 5-6, 134 S. Ct. 3, 4-5 (2013) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815

(2009)). Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Scott v. Harris*, 550 U.S. 372, 376, 127 S. Ct. 1769, 1773-74 (2007). This immunity recognizes the "strong public interest in protecting public officials from the costs associated with the defense of damages actions." *Crawford-El v. Britton*, 523 U.S. 574, 590, 118 S. Ct. 1584, 1592-93 (1998). These costs, as explained in *Harlow v. Fitzgerald*, 457 U.S. 800, 814, 102 S. Ct. 2727, 2736 (1982), can be insurmountable, implicating life and career consequences. *See Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir. 1949), *cert. denied*, 339 U.S. 949, 70 S. Ct. 803 (1950).

Qualified immunity "is intended to 'allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law.'" *Brown v. City of Huntsville*, 608 F.3d 724, 733 (11th Cir. 2010) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)); *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1254 (11th Cir. 2010).

To state a retaliation claim, a plaintiff must establish the

existence of constitutionally protected speech, that the defendant's conduct adversely affected the protected speech, and a causal connection between the retaliatory actions and the adverse effect on speech. *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). The Complaint does not satisfy these elements.

### 1.   *Commissioner Carollo's Conduct Is Within His Discretionary Authority.*

For qualified immunity to apply, the public official must first establish that actions were taken within the allowable scope of discretionary authority. *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1303 (11th Cir. 2006) (quoting *Lumley v. City of Dade Cty., Fla.*, 327 F.3d 1186, 1194 (11th Cir. 2003)). "After the defendant has established that he was acting in a discretionary capacity, 'the burden shifts to the plaintiff to show that qualified immunity is not appropriate.'" *Brooks v. Powell*, 800 F.3d 1295, 1306 (11th Cir. 2015) (quoting *Lee*, 284 F.3d at 1194). "To meet this burden, a plaintiff must establish that (1) his complaint pleads a plausible claim that the defendant violated his federal rights (the 'merits' prong), and that (2) precedent in this Circuit at the time of the alleged violation 'clearly established' those rights (the 'immunity' prong)." *Wall-DeSousa v.*

*Florida Dep't of Highway Safety and Motor Vehicles*, 691 F. App'x 584, 589 (11th Cir. 2017); *Carollo v. Boria*, 833 F.3d 1322, 1328 (11th Cir. 2016). A complaint must be dismissed when it fails to allege a violation of a clearly established right. *Williams v. Bd. of Regents of the Univ. Sys. of Ga.*, 477 F.3d 1282, 1300 (11th Cir. 2007).

During the actions alleged in the Complaint, Commissioner Carollo and his legislative colleagues addressed matters well within their discretionary functions expressly authorized by the City Charter. Part 1.A, Section 4(d) of the Charter empowers commissioners to make "inquiry" as to the operations of the City itself. Indeed, commissioners are elected as the people's representatives, charged with the public policy responsibility to assure the public health, safety, and welfare of the entire City. Under the City's form of governance, the "buck stops" with the Commission. Section 4(d) authorizes commissioners to work with and through the City Manager and to interact with "subordinates of the city manager." One such "subordinate" is the Chief of Police with whom the Commission may engage "for the purpose of inquiry and as may be necessary as provided in section 14." Miami City Charter, Section 4(d). In furtherance of that Charter authority, Commissioner Carollo

and the entire Commission are duty-bound to conduct relevant inquiries into the activities of the various City departments.

The allowable inquiries challenged by Acevedo in the Complaint include determining how the Chief is managing the Police Department, whether the Department is responsibly using its budgetary resources, and questioning whether the Department is "top-heavy" in its administrative staff at the expense of street patrol or other policy objectives of the City Commission. Whether or not Acevedo approved of that inquiry, the Commission and the commissioners are ultimately charged (and tested) by the public with safeguarding the voters' interests. These inquiries are decidedly within the scope of the commissioners' discretionary duties.

Inquiry into the City's finances and the conduct of any City official, including the Chief of Police, is specifically identified in Section 14 of the City Charter. That includes looking into whether a department head, such as the police chief, is acting against dedicated City staff members and thereby engaging in an abuse of authority. Just as the Complaint asserts, it is within the authority of the Commission to obtain information from City officials, especially when it occurs on the Commission dais at a publicly noticed Commission

meeting inquiring about the actions of a possibly out of control police chief. Not only are these actions allowable, but it might be responsibly said that a commissioner who fails to make inquiry into the uses of City resources and the means for exercising authority is abdicating his or her responsibility to the public.

On this Complaint, Commissioner Carollo's official actions are entirely consonant with his discretionary authority as a public official. When viewed in the context of the City Charter, the Complaint is capable of only one interpretation: Carollo's actions "were (1) undertaken pursuant to the performance of his duties, and (2) within the scope of his authority." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998). This "inquiry is not whether it was within the defendant's authority to commit the allegedly illegal act." *Id.* at 1282. "Instead, a court must ask whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties." *Id.* The conduct attributable to Commissioner Carollo is well within allowable authority empowering commissioners to exercise all corporate and political power conferred upon the City by the Florida Constitution, Florida laws, and the Miami-Dade County Home Rule

Charter. *See Turk v. Richard*, 47 So. 2d 543, 544 (Fla. 1950) (recognizing authority of legislators to act in matters affecting the public interest in addition to official legislative decisions).

The conduct described in the Complaint is within the Commissioner's authority and does not state a plausible claim of First Amendment retaliation as required by *Ashcroft v. Iqbal*, 556 U.S. at 677-678, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Dermer v. Miami-Dade Cnty.*, 599 F.3d 1217, 1220 (11th Cir. 2010). Commissioner Carollo's alleged role in conducting factual inquiry and seeking relevant information, but not ordering staff to make decisions, does not state a plausible claim of First Amendment retaliation. Acevedo's conclusory allegations suggesting otherwise do not buttress the implausible. *See Berry v. Coleman*, 172 Fed. App'x 929 (11th Cir. 2006) ("On a motion to dismiss, '[c]onclusory allegations and unwarranted deductions of fact are not admitted as true,' particularly "when the conclusory allegations contradict the other facts alleged in the complaint").

### 2.    *Commissioner Carollo Did Not Violate a Clearly*

### Established Right.

"[T]o survive a defense of qualified immunity, it 'must be obvious to every reasonable person in [the defendant's] place that [the defendant's conduct] would violate federal law.'" *Building Empowerment by Stopping Trafficking, Inc. v. Jacobo*, No. 12-23925-CIV, 2013 U.S. Dist. LEXIS 139336, at *4, 2013 WL 5435729, at *4 (S.D. Fla. Sep. 27, 2013) (citing *Beauregard v. Olson*, 84 F.3d 1402, 1404 (11th Cir. 1996)). For First Amendment retaliation, a defendant "will only rarely be on notice that his actions are unlawful" because it requires balancing "legal determinations that are intensely fact-specific and do not lend themselves to clear, bright-line rules." *Maggio v. Sipple*, 211 F.3d 1346, 1354 (11th Cir. 2000). "Likewise, in determining contested issues of causation, the defendant is entitled to qualified immunity [w]here the facts assumed for summary judgment purposes . . . show mixed motives (lawful and unlawful motivations)." *Brannon v. Finkelstein*, 754 F.3d 1269, 1278-79 (11th Cir. 2014).

The Complaint does not establish that Commissioner Carollo's conduct unlawfully retaliated against Acevedo for his protected exercise of free speech. It is not enough for a complaint to claim

retaliation. The right must be clearly established in a "particularized" sense, so that "the contours of the right" are clear enough for any reasonable official to know that what the official is doing violates that right. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039 (1987). Courts "look for a case based on materially similar facts." *Randall v. Scott*, 610 F.3d 701, 715 (11th Cir. 2010).

As the City pointed out in its Motion to Dismiss (DE17, pp. 12-18), the "speech" described in the Complaint is not protected by the First Amendment. Government employees have a more restricted scope of First Amendment protection when speaking about matters within their official sphere. *Garcetti v. Ceballos*, 547 U.S. 410, 418, 126 S. Ct. 1951, 1958 (2006) ("When a citizen enters government service, the citizen by necessity must accept certain limitations on his or her freedom."). Police officers have less First Amendment protections. *Lawrenz v. James*, 852 F. Supp. 986, 991 (M.D. Fla. 1994), *aff'd*, 46 F.3d 70 (11th Cir. 1995).

Here, Acevedo's speech as described in the Complaint was not (1) in the context of speaking as a citizen and (2) did not involve a matter of public concern. Indeed, the only way Acevedo could have spoken as he did was because he possessed the confidential

information as Police Chief that was unavailable to the citizen at large. And his memorandum that is at the center of his Complaint is focused solely on self-preservation, not an overriding public interest. *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568, 88 S. Ct. 1731, 1734-35 (1968); *Vila v. Padron*, 484 F.3d 1334, 1339 (11th Cir. 2007) ("When a public employee speaks as an employee on matters of personal interest and not as a citizen upon matters of public concern, the First Amendment is not implicated.").

This Complaint does not give rise to an actionable First Amendment retaliation claim to overcome the qualified immunity defense. No reasonable elected official would be on notice that acting within given authority could subject the official to litigation for violating clearly established law.

### 3. *Commissioner Carollo Was Not on Notice that His Actions Violated a Clearly Established Right.*

An objective analysis of the Complaint provides no allowable basis for a reasonable public official to conclude the conduct violated well-established law. *Rigdon v. Georgia Bd. of Regents*, 2008 WL 11348453, at *6 (S.D. Ga. June 27, 2008) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2783 (1982) ("We therefore hold

that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.")). As a matter of law for this "core qualified immunity analysis[,]" *Johnson v. Clifton*, 74 F.3d 1087, 1091 (11th Cir. 1996), the Complaint offers no basis upon which to conclude Commissioner Carollo was on actual notice of a civil rights violation. Legislative action investigating the use of municipal resources and the exercise of municipal power is far from an outlier. Neither Commissioner Carollo's actions nor those of his legislative colleagues were reasonably understood to violate clearly established law. Because the Complaint does not counter Commissioner Carollo's showing that his conduct was within the scope and furtherance of his discretionary authority, the Complaint must be dismissed with prejudice.

## CONCLUSION

Commissioner Carollo is entitled to the protections of qualified and legislative immunity at the earliest stage of the case. Dismissal for reasons of immunity should be ordered because a fair and plausible reading of the Complaint establishes that Commissioner

Carollo acted within the discretionary scope and authority of his responsibilities. His alleged conduct did not violate clearly established laws. His actions as a City Commissioner-legislator were within the legitimate sphere of his policy-making authorization. This Court should dismiss the Complaint with prejudice for reasons of qualified and legislative immunity and for failure to state a claim of First Amendment Retaliation.

Respectfully submitted,

**KUEHNE DAVIS LAW, P.A.**
100 SE 2 Street, Suite 3105
Miami, FL 33131
Tel: 305.789.5989
Ben.Kuehne@KuehneLaw.com
CMelo@KuehneLaw.com
Efiling@KuehneLaw.com

By:   *S/ Benedict P. Kuehne*
      **BENEDICT P. KUEHNE**
      Florida Bar No. 233293

### CERTIFICATE OF SERVICE

I certify on March 14, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

By:   *S/ Benedict P. Kuehne*
      **BENEDICT P. KUEHNE**

## SERVICE LIST

**Marcos D. Jimenez**
Marcos D. Jimenez, P.A.
Florida Bar No. 441503
255 Alhambra Circle, 8th Fl.
Miami, FL 33134
Tel: (305) 740-1975
Mdj@mdjlegal.com
*Counsel for Plaintiff*

**John R. Byrne**
Leon Cosgrove, LLP
Florida Bar No. 126294
255 Alhambra Circle, 8th Fl.
Miami, Florida 33134
Tel: (305) 740-1975
jbyrne@leoncosgrove.com
*Counsel for Plaintiff*

**Victoria Mendez**, City Attorney
Florida Bar No. 194931
**Kevin R. Jones**
Florida Bar No. 119067
**Kerri L. McNulty**
Florida Bar No. 16171
**Stephanie K. Panoff**
Florida Bar No. 69214
444 S.W. 2nd Avenue, Suite 945
Miami, FL 33130-1910
Tel: (305) 416-1800
vmendez@miamigov.com
krjones@miamigov.com
klmcnulty@miamigov.com
skpanoff@miamigov.com
Slstubbs@miamigov.com
Yillescas@miamigov.com
*Counsel for Defendant City*

**Mason A. Pertnoy**
Florida Bar No. 18334
Krinzman   Huss   Lubetsky
Feldman & Hotte
Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Tel: (305) 854-9700
map@khllaw.com
mschneider@khllaw.com
eservicemia@khllaw.com
*Counsel for Defendant City Manager Noriega*

**Frank Quintero, Jr.**
**Quintero Broche, P.A.**
Florida Bar No. 399167
75 Valencia Ave., Suite 800
Coral Gables, Florida 33134
Tel: (305) 446-0303
eservice@quinterolaw.net
fquintero@quinterolaw.net
jpbroche@quinterolaw.net
*Counsel for Defendant Commissioner Reyes*

**Jose M. Quinon**
Florida Bar No. 201944
2333 Brickell Ave Ste A1
Miami, FL 33129-2497
Tel: 305-858-5700
jquinon@quinonlaw.com
*Counsel for Defendant Commissioner Reyes*

**Thomas A. Tucker Ronzetti**
Tucker Ronzetti, P.A.
Florida Bar No. 965723
5760 SW 46th Ter
Miami, FL 33155-6015
Tel: 305-546-4638
tr@tuckrlaw.com
*Counsel for Defendant Commissioner*
*Diaz de la Portilla*

**Robert W. Rodriguez**
Fla. Bar. No. 856975
ROBERT W. RODRIGUEZ, P.A.
4909 S. W. 74 Court, 1st Floor
Miami, FL 33155
Tel: (305) 444-1446
robertwrodriguez@gmail.com
*Counsel for Defendant Commissioner*
*Diaz de la Portilla*

**Javier A. Lopez**
Fla. Bar. No. 016787
**Michael R. Lorigas**
mlorigas@kttlaw.com
Fla. Bar No. 1011803
KOZYAK TROPIN &
THROCKMORTON LLP
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
(305) 372-1800
jal@kttlaw.com
mlorigas@kttlaw.com
*Counsel for Defendant Commissioner*
*Diaz de la Portilla*