UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-20224-CV-WILLIAMS

HUBERT ARTURO ACEVEDO,

    Plaintiff,

v.

CITY OF MIAMI, *et al.*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court following the October 10, 2024 Zoom Hearing on the Motion to Stay Pending Appeal ("***Motion***") filed by Defendants Arthur Noriega, Joe Carollo, Alex Diaz de la Portilla, and Manolo Reyes (the "***Individual Defendants***") (DE 99.) Plaintiff filed a response (DE 104) and the Individual Defendants filed a Reply (DE 105). Upon review and consideration of the Motion, argument of counsel, and the record, and for the reasons discussed on the record during the Hearing, the Motion is **GRANTED IN PART AND DENIED IN PART**.

In the Motion, the Individual Defendants seek to stay this case in its entirety pending resolution of their appeals regarding qualified immunity. Plaintiff argues, in part, that the appeals should not delay discovery bearing on claims that would proceed regardless of the outcome of the appeals. The Parties agree that at least Plaintiff's Florida Whistleblower Act claim against Defendant the City of Miami (the "***City***") will survive regardless of the outcome of the currently pending appeals.

As stated on the record during the Hearing, the Court does not believe that a

wholesale stay of discovery is appropriate in this case and agrees with the argument articulated by Plaintiff on this point. *See, e.g., In re Flint Water Cases*, 960 F.3d 820, 825–30 (6th Cir. 2020) (finding that the district court did not interfere with the immunity of two individual government official defendants who had a pending appeal of the district court's denial of their qualified immunity when the district court ordered them to comply with discovery requests as "non-party fact witnesses to events regarding wholly separate claims against different defendants; rejecting those individual defendants' attempt to "dress up the district court's discovery order as an implicit denial of qualified immunity.")

As discussed on the record, the Court will adopt the rolling discovery paradigm proposed by the City; at this initial stage, Plaintiff may request document discovery from the City. Plaintiff's discovery requests propounded to the City must be clear as to temporal restrictions, subject matter, and persons. On **January 31, 2025**, the Parties shall file a joint status report advising the Court of the status of the Individual Defendants' appeals and of discovery.

Accordingly, upon a careful review of the Motion, the record, and applicable law, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Stay (DE 99) is **GRANTED IN PART AND DENIED IN PART**.
2. Discovery is stayed with respect to the First Amendment retaliation claims asserted against the Individual Defendants in Count II of the Complaint.
3. Plaintiff may proceed to take document discovery from the City of Miami while the Individual Defendants' interlocutory appeals are pending.
4. On **January 31, 2025**, the Parties shall jointly file a status report advising

the Court of the status of the Individual Defendants' appeals and of discovery.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>11th</u> day of October, 2024.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE