UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20224-Civ-WILLIAMS/TORRES

HUBERT ARTURO ACEVEDO,

    Plaintiff(s),

vs.

CITY OF MIAMI,
JOE CAROLLO, individually
ALEX DIAZ DE LA PORTILLA, individually
ARTHUR NORIEGA, individually
MANOLO REYES, individually,

    Defendant(s).
_____/

**STIPULATED ORDER ON PRIVILEGES UNDER
<u>RULE 502(d) OF THE FEDERAL RULES OF EVIDENCE</u>**

Upon the stipulation of the Plaintiff HUBERT ARTURO ACEVEDO and Defendant CITY OF MIAMI, and pursuant to Rule 502(d) of the Federal Rules of Evidence, this Order, and not the provisions of Rule 502(b) of the Federal Rules of Evidence, will control and apply to the disclosure of Privileged Material in this action.

A purpose of this Order is to allow for the expeditious production of electronically stored information, physical documents, and other information (collectively, "Documents"). "Privileged Material," as used in this Order, means any

Document or information that is, or that the Producing Party[1] asserts are, protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or any other privilege or protection recognized by law (hereinafter, "Privileges").

Except as set forth herein, and in accordance with Rule 502(d) of the Federal Rules of Evidence, any such production or disclosure of Privileged Material, shall not be deemed to waive – in this litigation or in any other federal, state or other proceeding – any Privilege which would otherwise attach to the disclosed materials or their subject matter. Except as set forth herein, the Parties have expressly relinquished the ability to contend, in this forum or any other, that Privileges were waived as a result of disclosure in this action. The Court therefore shall enforce such waivers and bar the assertion of a waiver in accordance with the Order.

This Order is entered pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and is intended to protect the Parties to this litigation, to the fullest extent permissible by law, against any waiver of Privileges that might otherwise arise from the disclosure of Privileged Material.

This Order does not preclude a Party or non-party from voluntarily and/or intentionally waiving any other claims of privilege.

---

[1] "Producing Party" means the party to this litigation or non-party that produced the Documents, or a party to this litigation where a non-party has produced the Documents that may be subject of a Privilege belonging to the party. "Receiving Party" means the party that received the Documents. "Party" means either a Producing Party or a Receiving Party.

## CLAW-BACK PROCEDURES

### When Identified by Producing Party

A Producing Party that determines that it made a disclosure of Privileged Material in this litigation shall, within ten (10) business days of such determination, notify all counsel of record following discovery of the production and, within seven (7) business days after such notice, the Producing Party shall provide to the Receiving Party the basis for the asserted privilege(s) or protection(s), for example, in the form of privilege log entry or entries. The notice shall identify the potentially Privileged Material that was produced by Bates or production number, if available, or otherwise with a sufficient description for the Receiving Party to identify the Privileged Material. If the Producing Party claims that only a portion of a Document contains Privileged Material, the Producing Party shall, within seven (7) business days after the initial notice was given, provide a new copy or copies of the Document(s) with the allegedly Privileged Material redacted in compliance with any discovery protocol applicable to this matter, including, as may be appropriate, other agreements or case management orders addressing protocols for the production of electronically stored information or the protection and confidentiality of documents produced.

### When Identified by Receiving Party

If a Receiving Party determines that a Document(s) is undoubtedly Privileged Material belonging to a Producing Party, the Receiving Party shall within ten (10) business days of discovery notify the Producing Party by Bates or production number, if available, or otherwise with a sufficient description for the Producing Party to

identify the Privileged Material ("Receiving Party's Notification"). Such Notification shall not waive the Receiving Party's ability to subsequently contest any assertion of privilege or protection with respect to the potentially Privileged Material. If the Producing Party to which the disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, that Producing Party shall notify the Receiving Party of its assertion of privilege or protection within ten (10) business days of receiving the Receiving Party's Notification of potentially Privileged Material. Within seven (7) business days after such notice, the Producing Party shall provide to the Receiving Party the basis for the asserted privilege(s), for example, in the form of privilege log entry or entries.

Claw-Back

The "Producing Party's Communication" shall mean initial notice, providing a basis for assertion of a privilege or protection, and production of new copy(ies) of redacted Documents, by the Producing Party, when potentially Privileged Material is identified by a Producing Party; and/or assertion of a privilege or protection and providing a basis for assertion of a privilege or protection, by the Producing Party, when potentially Privileged Material is identified by a Receiving Party. Upon receiving the Producing Party's Communication or upon providing the Receiving Party's Notification the Receiving Party shall either:

A. If not disputing the claim of privilege:
  1. Return or destroy the disclosed Document or information within ten (10) days, as well as any and all copies thereof;

  2. Destroy any excerpts of, or references to, the disclosed Document, to the extent such references exist in other materials prepared by the Receiving Party; and

  3. Not use the fact of the disclosure or disclose the protected contents of the Protected Material for any reason, including in arguing that the material is not privileged; or

 B. If disputing the claim of privilege:

  1. Cordon off and refrain from using the disclosed Document until completion of the procedures describes below.

If any Document claimed to contain Privileged Material has been provided to a non-party by a Receiving Party, the Receiving Party will use reasonable efforts to secure the return of the Document claimed to contain Privileged Material (and the destruction of any references thereto). This obligation arises unless any such Document or information that may exist on a computer or back-up media, that cannot be reasonably deleted, may be retained until such time as the media is subject to routine deletion or destruction, provided that no person attempts to access the contents of the Privileged Material unless allowed under the terms of this Order or another order of the Court.

### Disputed Claims of Privilege

If a Receiving Party disputes the claim of privilege or protection, the Receiving Party shall notify, in writing, the Producing Party, or the party asserting the privilege or protection, of its objection and the legal basis for its objection. Such notification will be provided within ten (10) business days of receipt of the Producing Party's basis for the asserted privilege(s). To the extent that a Producing Party seeks to claw back more than 50 Documents within a 7-day period, the Receiving Party shall be provided an additional ten (10) business days per additional 50 documents to review such Documents and dispute the privilege claims asserted over them.

Within three (3) business days of receiving notice that the claim of privilege or protection is disputed, the Producing Party, or the party asserting the privilege or protection, and the Receiving Party thereafter shall meet and confer in good faith regarding the disputed claim. In the event that the Producing Party, or the party asserting the privilege or protection, and Receiving Party are unable to resolve their dispute, any party may bring a motion (or such other process/procedure as directed by the Court's standing Orders on discovery disputes) for a determination of whether a privilege or protection applies, within five (5) business days of the determination that no resolution will be achieved. If no relief is sought, the material will be deemed not privileged.

The Producing Party retains the burden – upon any challenge to a privilege or protection – of establishing the privileged or protected nature of the Document sought to be protected.

Once the meet and confer requirements of this Order have been met, nothing in this Order limits the right of any Party to request that the Court conduct an in camera review of the Document, again subject to the procedures required by the Court's standing discovery Orders.

## Duties and Responsibilities

Nothing in this Order limits an attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be Privileged Material and to inform the Producing Party that such Privileged Material has been produced.

A Party is not precluded by this Order from arguing that a privilege or protection has been waived for reasons other than the production of a Document or information subsequently clawed back in accordance with the terms of this Order. A Party is not precluded by this Order from arguing that a privilege or protection has been waived by virtue of conduct manifestly unreasonable under the specific circumstances present. A Party is not precluded from seeking fees, costs, or other sanctions in connection with the production and/or claw-back of Privileged Material.

The Parties may together stipulate and agree, without the need for Court approval, to narrow or extend the time periods specified in this Order.

**DONE AND ORDERED** in Miami, Florida, this 4th day of February, 2025.

_____
EDWIN G. TORRES
United States Magistrate Judge